PRICE, Judge.
Plaintiffs are appealing from a judgment sustaining an exception of no cause of action and dismissing their suit against Continental Can Company for damages and cancellation of a lease agreement. We affirm for the reasons assigned.
Plaintiffs or their ancestors in title granted a 99-year lease of timber lands to Southern Advance Bag and Paper Company on 686 acres in 1949. Southern’s interest in the leased property was subsequently transferred to Continental. In 1971 Continental executed an agreement permitting Louisiana Power and Light (LP&L) to lay a natural gas pipeline across a portion of the leased property. The pipeline was constructed and is now in place.
Plaintiffs sued both LP&L and Continental seeking rescission of the lease granted Continental and damages based on allegations that Continental willfully breached the lease by granting LP&L a right-of way to lay the pipeline and that LP&L fraudulently purchased the right-of-way from Continental since it knew Continental was not the owner of the property and did not have authority to sell a right-of-way. Both Continental and LP&L filed peremptory exceptions of no cause of action. Continental’s exception was sustained and forms the basis of this appeal. LP&L’s exception was overruled and is not before us for review at this time.
Plaintiffs contend that Continental primarily leased their lands for the growing of timber and the right to construct pipelines for transmission of oil and gas was specifically reserved to plaintiffs in the lease agreement. They therefore contend the sale of the right-of-way to LP&L was a violation of the lease and of Continental’s duty as a lessee to not use the premises for any other purpose than that intended by the parties.
Continental contends to the contrary that the 99 year lease, although primarily for timber growing purposes, granted it the unlimited right to use the property for any purpose it saw fit subject only to plaintiff’s reservation of the right to mineral exploration and production. Continental also contends the specific reservation by plaintiffs of the right to lay pipelines is intended to be limited to lines necessary to the production of oil or gas under the mineral reservation. Continental concedes it could not, as lessee, have conveyed a perpetual servitude for a pipeline, but contends the right which it conveyed to LP&L was only the transfer of a personal right or a sublease of posses-sory rights to which it is entitled as lessee.
Examination of the lease and right-of-way agreements attached to plaintiffs’ petition convinces us the arguments made by Continental are well taken.
The lease between plaintiffs and Continental is not limited to the purpose of timber growing as shown by the following provision:
It is expressly agreed that the vendee shall not be limited to the growing, cutting and removing of timber, trees, wood and other forest products on the said land, but is hereby given the specific right to use the lands for any purpose it desires, including farming, renting, etc. which right carries with it the full power and authority to do any and all things necessary, essential, and incidental to the use thereof, ....
The only restriction on the use by Continental was the reservation by plaintiffs of the right to explore for and produce minerals. In connection with this reservation the *430 lease provided specifically that plaintiffs or their assigns had the right to lay pipelines. It is clear however from the language employed that this right was merely accessory to the right to produce oil or gas and does not otherwise reserve such a right to plaintiffs.
The right-of-way agreement from Continental to LP&L provides:
Said rights granted herein cover the following described lands insofar and only insofar as the Grantor has the right to do so under those certain 99-year lease contracts set forth below: . . .
Such language does not indicate any intent on the part of Continental to convey a perpetual predial servitude but to the contrary grants permission for LP&L to exercise whatever rights Continental has under its lease to construct and maintain a pipeline on the property during the period of the lease. Continental concedes that should the pipeline constructed by LP&L interfere in the future with any development by plaintiffs under their mineral reservation, the line would have to be modified to accord to plaintiffs superior rights.
When the allegations of plaintiffs’ petition are considered along with their lease to Continental and the right-of-way contract from Continental to LP&L, it is apparent that they have not stated a cause of action against Continental and the trial court was correct in sustaining the exception of no cause of action against this defendant.
For the foregoing reasons, the judgment is affirmed at appellants’ costs.